AARON POMERANZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ABRAHAM POMERANZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OTTO S. POMERANZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11759, 11760, 11761. Promulgated April 11, 1928.

*Milton M. Wecht, C. P. A.*, for the petitioners.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

508

510

SIEFKIN: The petitioners insist that they did not realize profits in 1920 because they, as individuals, purchased the assets of the corporation of which they were stockholders. The only support for such a contention is the resolution set out in the findings of fact. It is clear, however, that the recitals of the resolution are at variance with the facts, and that what actually occurred was that each petitioner turned in his shares in the corporation and received a proportionate part of the net assets of the corporation. Under such circumstances the decisions of this Board in *Alice M. Hastings et al.*, 8 B. T. A. 670; *E. C. Huffman*, 1 B. T. A. 52; *F. D. Keim*, 4 B. T. A. 1240, and the decision of the court in *Langstaff* v. *Lucas*, 9 Fed. (2d) 291, affirmed in 13 Fed. (2d) 1022, apply and the petitioners are taxable upon gains measured by the difference between the net value of the assets received and the basis of each petitioner for the stock. The basis is not in controversy and we have left for decision only the net value of the assets received.

The respondent, except for a change in favor of the petitioners in the amount of $448.61 which he allowed as depreciation upon an automobile, and except that he restored to the equipment account an amount of approximately $2,300 which had been written off just prior to the dissolution of the corporation, adopted the accounts of the corporation as carried forward into the books of the partnership. The accounts receivable were taken by the Commissioner at the amount at which they were shown upon the books of the corporation and upon the opening entries upon the books of the partnership. The petitioners seek to show that the accounts were, in fact, worth about 50 per cent of their face value. The testimony to this effect is rather vague and is based upon the slump in business conditions during the year 1920 considered in connection with cancellation of orders and subsequent determination that certain of the accounts were bad. It is not shown that the cancellation of orders or the return of goods shipped constituted any part of the accounts receivable item shown on the closing accounts of the corporation and the opening accounts of the partnership. Even if it were presumed that such goods were represented in the accounts receivable, there is no evidence as to the amount which would justify us in adopting any definite figure in reduction of the book figure.

With respect to the equipment account, however, it appears that the entire equipment, office and factory, cost approximately $4,500 in February, 1920, about $3,000 being for the factory equipment and the remainder representing the office equipment. Manufacture was discontinued in September, 1920, and it was apparent at that time that the factory equipment could not be sold for as much as $1,000

and was, in fact, agreed to be sold to the factory employees for $900. Upon a consideration of all the facts, we hold that the respondent was in error in adjusting the net assets on that account by adding $2,293.61 to the equipment account. In all other respects, his action is approved.

*Judgment will be entered on 15 days' notice, under Rule 50.*